UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| WENDY FOURNIER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No.: 5:21-CV00046 |
| | ) |
| DIXIE METAL PRODUCTS, INC. | ) |
| | ) |
|    Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Wendy Fournier ("Fournier" or "Plaintiff"), through undersigned counsel, and files her Complaint and Demand for Jury Trial against Defendant, Dixie Metal Products, Inc., ("Dixie Metal" or "Defendant"), and in support states as follows:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601, *et seq*.; Title I of the Americans with Disabilities Act of 1990, as amended, and 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA"); to redress Defendant's unlawful employment practices against Plaintiff, including discrimination, harassment, and retaliation against Plaintiff leading to her unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff is a citizen of the United States, a resident of the State of Florida, residing in Pasco County.

5. Plaintiff is recently married, and her maiden name is Tundis.

6. Defendant is a Florida for-profit corporation with its principal address located at 442 S.W. 54th Court, Ocala, Florida 34474.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. On October 05, 2019, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). Discrimination charge number 15D-2020-00003.

9. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

10. On January 13, 2020, Plaintiff timely dual-filed a second claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). Discrimination charge number 15D-2020-00508.

11. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

12. On October 30, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue regarding charge 15D-2020-00003.

13. On November 12, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue regarding charge 15D-2020-00508.

14. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant as a full-time Supervisor in Defendant's Bolt Room, located in its Steel Shop.

16. Plaintiff is disabled individual and suffers from Fibromyalgia.

17. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

18. Due to Plaintiff's disability, her major life activities such as extended periods of standings and sitting as well as bending and lifting are impacted.

19. At her time of hire Plaintiff informed Purchasing Supervisor, Jason Eaton, that she has Fibromyalgia.

20. Angie Esch, Human Resources, was also aware of Plaintiff's Fibromyalgia because Plaintiff occasionally missed work for doctor's appointments due to her Fibromyalgia.

21. Defendant failed to engage Plaintiff in the interactive process after learning of her disability.

22. Plaintiff's co-workers harassed her about her disability and made inappropriate comments.

23. Plaintiff complained about the harassment to Mr. Eaton.

24. Mr. Eaton designated a co-worker to assist Plaintiff from time to time in an effort to appease Plaintiff.

25. Defendant never requested or required Plaintiff to provide medical documentation or work restrictions.

26. On or about July 1, 2019, Plaintiff was asked to meet with her Shop Manager, Chad Sutton, and Shipping Supervisor, Ryan Higgins.

27. During this meeting Plaintiff was informed that Mr. Eaton was going to take over Plaintiff's position as Bolt Room Supervisor.

28. Plaintiff was informed that as a result she would have to relocate into a new department.

29. Defendant gave Plaintiff the option to relocation into two departments. Both positions were a demotion as neither retained Plaintiff's supervisory status.

30. Plaintiff could relocate to Defendant's welding Department, which she is not certified to weld, or to Defendant's Shipping Department, which job duties were outside of the scope of Plaintiff's medical restrictions, which Defendant was aware.

31. Plaintiff was told that these were her only two options and Defendant failed to further engage in the interactive process with Plaintiff.

32. On July 16, 2019, Plaintiff requested medical leave under the FMLA to care for her mother.

33. Human Resources notified Plaintiff the same day that her leave was approved, and Plaintiff was provided 12 weeks of continuous medical leave.

34. Due to Defendant's discriminatory conduct, on August 5, 2019, Plaintiff dual filed a discrimination charge with the EEOC and FCHR under disability discrimination, sex discrimination, and retaliation.

35. To retaliate against Plaintiff for her FMLA leave, on August 5, 2019, Defendant requested written documentation from Plaintiff's health care provider outlining Plaintiff's medical restrictions. Defendant was aware of Plaintiff's disability and it had never requested documentation prior to Plaintiff's use of FMLA leave.

36. On August 21, 2019, Plaintiff provided Defendant a copy of her medical restrictions signed by her neurologist.

37. On August 23, 2019, while Plaintiff was on approved FMLA leave, Defendant mailed Plaintiff a letter stating that at the present time, there are no positions with Defendant that can accommodate Plaintiff's medical restrictions.

38. Defendant again failed to engage in the interactive process with Plaintiff.

39. A second letter was also sent on August 23, 2019, indicating Plaintiff's employment was terminated immediately.

40. Plaintiff's termination interfered with her lawful use of FMLA leave.

41. Plaintiff's termination was due in part to her disability and in retaliation for applying for and utilizing FMLA leave.

42. Plaintiff has been damaged by Defendant's illegal conduct.

43. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Interference in Violation of the FMLA**

44. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

45. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

46. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

47. Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA.

48. Defendant interfered with Plaintiff's lawful exercise of Plaintiff's FMLA rights by terminating Plaintiff's employment before the full expiration of Plaintiff's FMLA leave.

49. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

50. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

**Count II: Retaliation in Violation of the FMLA**

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

52. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service

during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

53. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

54. Plaintiff exercised or attempted to exercise her rights under the FMLA.

55. Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights by terminating Plaintiff's employment while Plaintiff was on an approved leave.

56. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

57. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

### Count III: Disability Discrimination in Violation of the ADA

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

59. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

60. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

61. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

62. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's disability.

63. Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability.

64. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

65. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count IV: Failure to Accommodate in Violation of the ADA**

66. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

67. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

68. Defendant was aware of Plaintiff's disability.

69. Defendant failed to accommodate Plaintiff's disability by terminating Plaintiff's employment before going through the interactive process required under the ADA and terminating Plaintiff's employment while Plaintiff was on FMLA leave.

70. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

71. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

72. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count V: Retaliation in Violation of the ADA

73. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

74. Plaintiff engaged in protected activity under the ADA on more than one occasion while employed by Defendant.

75. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity, specifically Plaintiff's treatment for addiction.

76. Defendant's conduct violated the ADA.

77. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA by involuntarily terminating Plaintiff's employment.

78. Defendant's conduct violates the ADA.

79. Plaintiff has satisfied all statutory prerequisites for filing this action.

80. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

81. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

82. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric D. Rogers**
Eric D. Rogers, Esq.
Florida Bar No. 117917
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com
*Counsel for Plaintiff*